UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: SHERI SPEER        :      CASE NO. 3:17-cv-1268-RNC

RULING AND ORDER

On July 28, 2017, Sheri Speer, a debtor in bankruptcy, filed a "notice of removal" seeking to remove the bankruptcy case and an adversary proceeding to this Court. It is apparent that Ms. Speer meant to file a motion to withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d), which she cited in the notice, and the notice will be treated accordingly.

Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The first sentence of section 157(d) provides for "permissive" withdrawal; the second provides for "mandatory" withdrawal. See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 454 B.R. 307, 311 (S.D.N.Y. 2011).

Ms. Speer's notice recites the objectives that can be served by permissive withdrawal: uniformity of bankruptcy

1

administration, minimizing forum shopping, efficient use of resources and expediting the bankruptcy process.  However, she does not explain how any of these objectives would be served if her motion were granted and I think withdrawal of the reference would tend to undermine each one.

The mandatory withdrawal provision applies only when the case requires the bankruptcy judge to make a "significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes."  City of New York v. Exxon Corp., 932 F.2d 1020, 1026 (2d Cir. 1991).  Ms. Speer does not attempt to show that the standard for mandatory withdrawal is satisfied and I have no reason to think that it is.

Accordingly, the motion to withdraw is denied.  The Clerk may enter judgment and close the case.

So ordered this 31st day of January 2018.

/s/ RNC
Robert N. Chatigny
United States District Judge